IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAY C. CRESSMAN** | : | CIVIL ACTION |
| 1823 Old Orchard Road | : | |
| Abington, PA 19001 | : | HONORABLE |
| and | : | |
| **NICOLE BRENNAN** | : | |
| 208 Wolfenden Avenue | : | |
| Collingdale, PA 19023 | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **LINCARE HOLDINGS, INC.** | : | |
| 19337 U.S. 19 North, Suite 500 | : | |
| P.O. Box 9004 | : | |
| Clearwater, FL 33764 | : | NO. |

## COMPLAINT (CIVIL ACTION)

1. This is an action for money damages and other relief, arising from the wrongful termination of plaintiffs' employment by defendant.

2. Plaintiffs' claims arise under the common law and statutory law of Pennsylvania, specifically the Whistleblower Law, 43 P.S. §1421 *et seq.*

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiffs are individual citizens of the Commonwealth of Pennsylvania, residing therein, within this judicial district, at the above-captioned addresses.

4. Defendant Lincare Holdings, Inc. [hereinafter, "Lincare"] is a corporation organized under the laws of Delaware, with a principal place of business at the above-captioned address in Clearwater, Florida.

5. Jurisdiction is vested in this Court by virtue of the diversity of the parties' citizenship, and the amount in controversy, which exceeds the limit imposed under 28 U.S.C. §1333, with

respect to each plaintiff.

6. Lincare is authorized to do business within the Commonwealth of Pennsylvania, and has done so at all times material hereto, maintaining a place of business at 85 Tomlinson Road, in Huntingdon Valley, Montgomery County, Pennsylvania.

7. At all times material hereto, both plaintiffs were employed at Lincare's Huntingdon Valley office.

8. Venue is proper in this judicial district, as all parties may be found therein, and the events giving rise to the action occurred therein.

9. Plaintiffs demand a trial by jury with respect to their common law claims, and any other claims so triable.

**STATEMENT OF MATERIAL FACTS**

10. Lincare is a private corporation engaged in the for-profit business of providing respiratory care, and infusion therapy and medical equipment, including but not limited to oxygen supply devices, to patients in their homes.

11. Lincare's services are paid through various insurance programs, including, in large measure, publicly funded programs such as Medicaid, Medicare, and other federal and state funded health care programs.

12. These publicly funded programs impose on Lincare various obligations with respect to charges for services and equipment, and the qualification of individual patients to receive the public benefits with respect to Lincare's services.

13. From November, 1999 through January 4, 2002, plaintiff Jay C. Cressman [hereinafter, "Cressman"] was employed by Lincare as the Center Manager of its Huntingdon Valley

facility.

14. From July 23, 2001 through January 4, 2002, plaintiff Nicole Brennan [hereinafter, "Brennan"] was employed by Lincare as a Client Service Representative at its Huntingdon Valley facility.

15. Sometime before November, 2001, Lincare, by and through its managerial employees, conceived and implemented plans and practices whereby it would improperly inflate its ability to bill for services in cases where the services were either not needed, or had been terminated.

16. Said practices included, but are were not limited to its acquisition of improperly completed "certificates of medical necessity" for Medicare and Medicaid services, and a deliberate policy of delaying the termination of service and the associated retrieval of equipment from the homes of patients who no longer required treatment (or had died).

17. These practices had the direct, natural effect of enabling Lincare to obtain public funds to which it was not entitled, and also enabling it to take money to which it was not entitled from private patients and healthcare insurance companies.

18. Plaintiff Nicole Brennan, at various times between August, and December 31, 2001 complained about these and other wrongful and/or wasteful practices to regional-level managers of Lincare.

19. Plaintiff Cressman, at various times between August 1 and December 31, 2001, also complained about these and other wrongful and wasteful practices to regional-level managers of Lincare.

20. In late November, 2001, Cressman complained in writing to the chief officer of Lincare in charge of "corporate compliance" regarding Lincare's plan and practice of delaying

"equipment discontinuations" in order to collect money to which it was not entitled. A true and correct copy of Cressman's written complaint is attached hereto as Exhibit "A."

21. On or about January 4, 2002, both plaintiffs were terminated from their employment. Lincare's stated reasons for their discharge were untrue and/or entirely pretextual.

22. In reality, plaintiffs' complaints and reports of corporate wrongdoing were material causes of their discharge, and Lincare discharged them in retaliation for their engaging in such protected activities.

23. As a result of their wrongful discharge from employment, each plaintiff has suffered a loss of income and other economic damages, emotional distress and damage to their professional reputations and standing. All of these damages are ongoing, and will or may be permanent.

24. Lincare's conduct toward plaintiffs is part of an extensive pattern of wrongdoing premised solely on Lincare' quest for profits, and carried out in wanton and outrageous disregard for the law and the rights and welfare of plaintiffs. Lincare's conduct warrants the imposition of exemplary damages pursuant to plaintiffs' common law claims.

**III.   CAUSES OF ACTION**

**COUNT I**
**CRESSMAN V. LINCARE**
**PURSUANT TO THE PENNSYLVANIA WHISTLEBLOWERS LAW**

25. Plaintiff incorporates herein by reference paragraphs 1 through 24 of this complaint, as though each were set forth in their entirety.

26. Plaintiff was an "employee" of Lincare, and Lincare and the managerial employees supervising plaintiff were his "employers," as those terms are defined by the Whistleblower Law, 43 P.S. §1422.

27.　Lincare was, at all material times, a "public body" as that term is defined by the Law, 43 P.S. §1422.

28.　Plaintiff's complaints and reports as alleged hereinabove comprised "good faith reports" to his employer of "waste" and/or "wrongdoing," as those terms are defined by the law, 43 P.S. §1422.

29.　Lincare's discharge and/or discriminatory treatment of plaintiff violated the Whistleblower Law, 43 P.S. §1423.

30.　As a result of Lincare's violation of the law, plaintiffs suffered the harms and damages alleged hereinabove.

## COUNT II
## CRESSMAN V. LINCARE
## WRONGFUL DISCHARGE

31.　Plaintiff incorporates herein by reference paragraphs 1 through 30 of this complaint, as though each were set forth in their entirety.

32.　Lincare's discharge of plaintiff from his employment was in violation of the public policy of Pennsylvania, as reflected in the Whistleblower Law, of preventing fraud, waste and wrongdoing by a "public body" such as Lincare.

33.　As a result of his wrongful discharge, plaintiff suffered the harms and damages alleged hereinabove.

## COUNT III
## BRENNAN V. LINCARE
## PURSUANT TO THE PENNSYLVANIA WHISTLEBLOWERS LAW

34.　Plaintiff incorporates herein by reference paragraphs 1 through 33 of this complaint, as though each were set forth in their entirety.

35. Plaintiff was an "employee" of Lincare, and Lincare and the managerial employees supervising plaintiff were her "employers," as those terms are defined by the Whistleblower Law, 43 P.S. §1422.

36. Lincare was, at all material times, a "public body" as that term is defined by the Law, 43 P.S. §1422.

37. Plaintiff's complaints and reports as alleged hereinabove comprised "good faith reports" to her employer of "waste" and/or "wrongdoing," as those terms are defined by the law, 43 P.S. §1422.

38. Lincare's discharge and/or discriminatory treatment of plaintiff violated the Whistleblower Law, 43 P.S. §1423.

39. As a result of Lincare's violation of the law, plaintiff suffered the harms and damages alleged hereinabove.

## COUNT IV
## BRENNAN V. LINCARE
## WRONGFUL DISCHARGE

40. Plaintiff incorporate herein by reference paragraphs 1 through 39 of this complaint, as though each were set forth in their entirety.

41. Lincare's discharge of plaintiff from her employment was in violation of the public policy of Pennsylvania, as reflected in the Whistleblower Law, of preventing fraud, waste and wrongdoing by a "public body" such as Lincare.

42. As a result of her wrongful discharge, plaintiff suffered the harms and damages alleged hereinabove.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, and each of them, ask the Court for the following relief:

- a) judgment in their favor and against defendants on all counts;
- b) an award of backpay;
- c) full reinstatement of lost fringe benefits and seniority rights;
- d) actual damages;
- e) compensatory damages, including but not limited to, damages for emotional distress;
- f) punitive damages pursuant to Counts II and IV;
- g) a jury trial as to Counts II and IV;
- h) the costs of this litigation, including reasonable attorney fees and witness fees;
- i) such other relief as the Court deems just and equitable.

Respectfully submitted,

_____
GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
WILLIAMS, CUKER & BEREZOFSKY
One Penn Center at Suburban Station Building
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1895
(215) 557-0099
Counsel for Plaintiffs

Dated: May 7, 2002